# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>SANDRA FURRIER,<br><br>         Debtor<br><br>SANDRA FURRIER,<br><br>         Plaintiff<br><br>v.<br><br>LIBERTY HOME EQUITY SOLUTIONS, INC.,<br><br>         Defendant | Chapter 13<br>Case No. 17-11769-FJB<br><br><br><br><br><br>Adversary Proceeding<br>No. 19-1034 |

## MEMORANDUM OF DECISION and ORDER

This adversary proceeding is before the Court on the defendant's motion to dismiss each of the complaint's four counts for failure to state a claim on which relief can be granted.

**Background**

Sandra Furrier (the "Debtor"), owns and resides in certain real property (the "Property") that she inherited from her now-deceased parents. When her father was alive, he encumbered the Property with a reverse mortgage ("the Mortgage") in favor of Liberty Home Equity Solutions, Inc. ("Liberty"), which mortgage secured payment of a promissory note that the father gave to Liberty. The note became due and payable upon his death, on September 30, 2016. The Debtor owns the Property subject to Liberty's mortgage.

On May 12, 2017, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code, thereby commencing the case in which the present adversary proceeding arises. In the case, Liberty has filed a proof of claim, asserting a secured claim, based on the Mortgage, in the amount of $289,767.15. In her complaint in this adversary proceeding, the Debtor alleges that, wanting to pay off the promissory note by refinancing the Property (so that she could retain the Property as her residence), she several times asked Liberty for a payoff statement, but that Liberty's responses were untimely, inaccurate, and of unreasonable duration. She further alleges that notwithstanding a pending sale of the property that would have fully paid off the promissory note, Liberty unreasonably refused to postpone its then-pending foreclosure sale. As a result of these actions, the Debtor alleges, Liberty caused her damages, including economic loss, loss of equity in her home, decreased credit score, lost opportunities, emotional damages, costs, and attorney's fees. On the basis of these allegations, the Debtor asserts four counts for relief.

By the motion now before the Court, Liberty seeks dismissal of all four counts for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss under Rule 12(b)(6) the complaint must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court should view the well-pleaded facts in the light most favorable to the non-moving party and assume the veracity of such facts. *Id*. at 679.  For the reasons below, the motion must be denied as to each count.

**Analysis**

    **A.**    **Count I**

In Count I, the Debtor seeks damages under Mass. Gen. Laws ch. 183, § 54D(e) for alleged violations by Liberty of § 54D. Section 54D of chapter 183 obligates a mortgagee to respond to certain requests for a written payoff statement, establishes requirements for such responses, and subjects the mortgagee to liability for failing without reasonable cause to provide a timely payoff statement as

required by that section. See generally MASS. GEN. LAWS ch. 183, § 54D. It specifies when the obligation to provide a timely payoff statement arises: "[u]pon request of 1 or more obligors on a mortgage note, or an authorized person on behalf thereof[.]" Liberty argues that Count I fails to state a claim on which relief can be granted because the Debtor is neither an "obligor on a mortgage note" nor an "authorized person on behalf thereof" as those terms are used in § 54D, and therefore her demands for a payoff letter cannot have triggered obligations under § 54D(a). The Debtor responds that, as the owner of the property that is subject to the mortgage that secures the promissory note in question, she is an obligor on the promissory note within the meaning of the statute.  (She does not purport to be an "authorized person.") It is undisputed that the Debtor is not a party to the promissory note that Liberty's mortgage secures.

The issue presented is whether an owner of property subject to a mortgage that secures a promissory note is, as such, "an obligor on a mortgage note" within the meaning of § 54D(a). The term obligor is not defined in the statute, so I must construe the term according to its ordinary usage.  By virtue of the fact that the owner's property is obligated on the promissory note—the mortgage creates a right to sell the property for payment of the promissory note—the owner is obligated on the note. To be sure, that obligation is based on the mortgage, not on the promissory note itself, and the obligation is limited to the property. The mortgage does not impose on the property owner a more general, *in personam* liability. Still, the mortgage makes the owner obligated on the note by making the owner's property obligated on the note. Nothing in § 54D(a) requires that the "obligation on the mortgage note" arise solely from the note itself or be in personam or more general in nature. The limited liability created by the mortgage is real liability and makes the property owner an obligor on the mortgage note within the meaning of § 54D(a). Surely, this reading respects the ordinary meaning of the term obligor and its context in the statute. Liberty's motion to dismiss must therefore be denied as to Count I.

    **B.**    **Count II**

In Count II the Debtor seeks damages for Liberty's alleged violation of an implied covenant of good faith and fair dealing by four categories of actions: (a) repeatedly failing to provide timely payoff statements, (b) repeatedly failing to provide payoff statements giving her a reasonable amount of time to pay off the Mortgage, (c) repeatedly providing the Debtor with payoff statements that were inaccurate, and (d) refusing to postpone a foreclosure auction in spite of a pending sale that would have provided it full payment of the Mortgage. Liberty's motion seeks dismissal of the entirety of this count, as to all the predicate actions the Debtor advances, but Liberty's arguments address only so much of the count as is predicated on the last action, Liberty's alleged refusal to postpone a foreclosure auction to permit a pending sale that would have provided it full payment of the Mortgage. With respect to this action, Liberty seeks dismissal on the basis that the implied covenant of good faith and fair dealing—the applicability of which Liberty does not dispute—"does not serve to impute greater rights or impose impractical duties not contemplated in the contractual relationship." *Uno Restaurants v. Boston Kenmore Realty*, 441 Mass. 376, 388 (2004). Citing language in the mortgage (which language is neither in or nor attached to the complaint), Liberty argues that a duty to postpone a scheduled foreclosure auction would be at odds with Liberty's express rights under the mortgage to foreclose.  The Debtor responds, citing a Massachusetts Superior Court decision, that a mortgagee's refusal to postpone its foreclosure of a residential mortgage to permit a pending sale to be completed was, in the absence of evidence that the mortgagee would have suffered financial loss, a breach of the mortgagee's duty to exercise the utmost good faith and use reasonable diligence to protect the interests of the defaulting home owner. *Snowden v. Chase Manhattan Mortg. Corp.*, 2003 WL 22519518, at *4-5 (Mass. Super. Nov. 5, 2003).

The motion must be denied as to so much of Count II as is predicated on the actions in categories (a), (b), and (c) above. The motion simply does not address them.

4

With regard to the category (d) action, the court will, for the following reasons, deny the motion. First, the motion is based in part on language of the mortgage that is not in the complaint. The fact that it is publicly recorded and that the complaint specifies the recording location does not make the language of the mortgage appropriate for consideration on a Rule 12(b)(6) motion. Second, and more importantly, I am presented with two opposing Massachusetts cases. My duty is to determine how the Commonwealth's highest court, the Supreme Judicial Court (SJC), would decide the issue, so I do not view *Snowden* as dispositive, especially where *Uno Restaurants* is both later in time and by the SJC itself. However, *Snowden* was, as here, a consumer case, whereas *Uno Restaurants* involved two commercial entities, and that can make a difference in how issues of contractual fair play are determined. Also, the principle that Liberty urges on the Court, that the implied covenant of good faith and fair dealing does not serve to impute greater rights or impose impractical duties not contemplated in the contractual relationship, might, if not tempered, swallow the implied covenant whole, which reads too much into *Uno Restaurants*. I reserve judgment on this issue of Massachusetts law for determination on a fuller determination of the facts.

**C.    Count III**

In Count III, the Debtor alleges that the conduct that forms the basis of Counts I and II constitutes "unfair or deceptive acts or practices" within the meaning of MASS. GEN. LAWS ch. 93A, § 2, for which she seeks actual and treble damages, plus costs and attorney's fees, under § 9 of the same statute. Liberty argues that the Debtor's failure to send a demand letter is fatal to her claim under MASS. GEN. LAWS ch. 93A, § 9. Subsection 9(3) establishes a demand requirement that serves as a prerequisite of suit under § 9, but the requirement is subject to express exceptions: "[t]he demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth[.]" MASS. GEN. LAWS ch. 93A, § 9(3). Count III is a counterclaim to the proof of

5

claim that Liberty has filed in this bankruptcy case. Therefore, the counterclaim exception applies, and no demand letter was required. In addition, the Debtor specifically pled in her Complaint that Liberty does not maintain a place of business in Massachusetts and that it does not keep assets within the Commonwealth. (Complaint, at ¶¶ 90-91). For purposes of a motion to dismiss, I must accept these pled facts as true. The SJC has ruled that a plaintiff need not send a demand letter if the defendant "either lacks a place of business in Massachusetts *or* does not keep assets in Massachusetts." *Moronta v. Nationwide Mortgage LLC*, 476 Mass. 1013, 1015 (2016) (emphasis added). At this stage of the proceeding, the allegations in the complaint are sufficient to create two further grounds for non-applicability of the demand letter requirement. For all these reasons, the absence of a demand letter does not cause Count III to fail to state a claim on which relief can be granted.

### D. Count IV

Count IV is an objection to Liberty's proof of claim. While Liberty argues that the Debtor has failed to state specific facts to support her objection, the Debtor in fact relies on all the facts stated in her complaint, and each of Counts I, II, and III, as her basis. In essence, Count IV uses Counts I, II, and III—all of them counterclaims to the secured claim that Liberty has filed in this case—as the basis for a defense of setoff to that secured claim. Setoff is a valid defense to a claim, capable of reducing the amount of the claim; I do not understand Liberty to contend otherwise. So understood, Count IV does not fail to state a valid objection to Liberty's secured claim.

**Conclusion and Order**

For the reasons set forth above, Liberty's Motion to Dismiss Complaint [#14] is hereby denied.

Date: January 16, 2020

_____
Frank J. Bailey
United States Bankruptcy Judge

6